***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS COLUMBIE, | : | |
| | : | Civil Action No. 13-6236 (ES) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNIV. OF MED. AND DENTISTRY | : | |
| OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**SALAS**, District Judge:

Plaintiff Luis Columbie ("Plaintiff"), a prisoner currently confined at Northern State Prison in Newark, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

**I. BACKGROUND**

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants University of Medicine and Dentistry ("UMDNJ"); Diane Boese; John Godinsky; Denise Johnson; and Drs. John and Jane Doe 1-2. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the

veracity of Plaintiff's allegations.

On an unspecified date, Plaintiff states that he was taken to Saint Francis Medical Center to undergo an operation to remove his thyroid. (D.E. No. 1, Compl. ¶ 19). As a result of the surgery, Plaintiff's vocal chords were paralyzed, leaving Plaintiff unable to speak properly. (*Id.*). Plaintiff alleges that on numerous occasions, he requested that he be provided with an "Electrolarynx 'throat back,'" but Defendants refused to provide it to him. (*Id.* ¶ 25). On or about November 5, 2010, Plaintiff was informed of the "Pinguecula" by Defendant Boese, but he never received it. (*Id.* ¶ 28). On or about June 10, 2011, Plaintiff was informed of the "inguinal hernia" by Defendant Godinsky but no further action was taken. (*Id.* ¶ 29). On or about September 22, 2011, Plaintiff was informed of the hyperlipidemia by Defendant Johnson, but no further action was taken. (*Id.* ¶ 30). On or about March 30, 2012, Plaintiff was "informed of the hepatitis B chronic viral" by Defendant Godinsky and told that he would be further evaluated but "the matter was wantonly disregarded by the defendant." (*Id.* at ¶ 31). Plaintiff seeks monetary and injunctive relief.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Thus, "to state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed or caused by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1.  Timeliness**

Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Civil rights or constitutional tort claims, such as a denial of medical care claim presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *See id.; Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14–2, governs Plaintiff's claim here. *See Montgomery v. DeSimone*, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14–2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. *Cito*, 892 F.2d at 25; *accord Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987).

The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if

4

the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

Plaintiff's complaint is dated October 9, 2013. (Compl. at 17). Any of Plaintiff's medical claims that occurred prior to October 9, 2011 are therefore time-barred. According to the complaint, all claims other than the March 30, 2012 hepatitis B chronic viral claim against Defendant Godinsky occurred prior to that date and absent tolling, are time-barred. New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J. Stat. Ann. § 2A:14–21 (detailing tolling because of minority or insanity); N.J. Stat. Ann. § 2A 14–22 (detailing tolling because of non-residency of persons liable). The Complaint does not allege any basis for statutory tolling.

New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass[,]" or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *See Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. App. Div. 2002) (citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000) (citations omitted). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff

asserts her claims in a timely manner but has done so in the wrong forum. In this case, Plaintiff fails to articulate any basis for equitable tolling.

It is apparent from the face of the Complaint that Plaintiff's claims, other than the March 2012 incident, are time barred and this Court will dismiss those claims as untimely. *See Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 694 n.2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record."); *McPherson v. United States*, 392 F. A'ppx 938, 943 (3d Cir. 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.").

**2. March 2012 Claim**

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show (1) deliberate indifference by prison officials to (2) the prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order to find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, (1994). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n.2 (3d Cir.1979) (internal quotation marks omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001).

Plaintiff has failed to allege sufficient facts under *Iqbal* to allow his March 2012 medical claim to proceed against John Godinsky at this time. Plaintiff alleges only that "on or around March 30th, 2012, the Plaintiff Columbie had a visit with Northern State Prison medical department and was informed of the hepatitis B chronic viral by John Godinsky, MD and was told that he would be further evaluated. But the matter was wantonly disregarded by the defendant. a) that, the Hepatitis if not treated properly, would lead to 'suffer severe internal organ damage, e.g. Chronic liver disease, liver cancer and inevitable death" (Compl. ¶ 31.) Plaintiff does not provide any further information. It is not even clear as to whether Plaintiff was actually diagnosed with hepatitis B. As such, Plaintiff has failed to state sufficient facts under *Iqbal* to allege an Eighth Amendment denial of medical treatment claim against Dr. Godinsky.

With regard to Defendant UMDNJ, the Third Circuit has said that

> [t]o bring a § 1983 claim against a local government or government entity (including a private corporation, like CMC, that is alleged to be acting under color of state law, *see Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003)) for the actions of an employee of one of those entities, a plaintiff cannot rely upon respondeat superior liability, but he must show that the entity had a policy or custom that caused his deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978). "A policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict. A custom is an act that has not been formally approved by an appropriate

> decisionmaker, but that is so widespread as to have the force of law." *Natale*, 318 F.3d at 584 (alteration in original) (citation and internal quotation marks omitted). A policy or custom can be established in three ways: (1) the entity or supervisor promulgates an applicable policy statement and the act the plaintiff complains of is the implementation of that policy; (2) the policymaker, without a formally announced policy, violates federal law itself; or (3) the "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." *Id.*

*Defreitas v. Montgomery Cnty. Corr. Facility*, 525 F. App'x 170, 176-77 (3d Cir. 2013) (internal quotation marks omitted).

In this case, Plaintiff has failed to allege "sufficient factual matter" to show that the claims against UMDNJ are facially plausible. *Fowler*, 578 F.3d at 210. He only generally alleges that UMDNJ owes him a duty to adopt policies to ensure that he is not subject to deliberate indifference and to employ competent medical professionals, however, he provides no specific facts to support these general allegations. As such, the Eighth Amendment claim against UMDNJ will also be dismissed without prejudice.

## III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2] An appropriate

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid

order follows.

Dated: July 28, 2014

                                                 *s/ Esther Salas*
                                                 Esther Salas, U.S.D.J.

---

confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*